UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON WILT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:21-cv-02073-JMS-TAB |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Jason Wilt filed a petition for a writ of habeas corpus challenging a Correctional Industrial Facility disciplinary proceeding identified as CIC 20-12-0134. For the reasons explained in this Order, Mr. Wilt's habeas petition is **denied,** and the **clerk is directed to enter final judgment** in Respondent's favor.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.  The Disciplinary Proceeding

On December 22, 2020, Officer R. Swearingen issued a Report of Conduct charging Mr. Wilt with a violation of Offense Code A 106 for possession of a deadly weapon. Dkt. 14-1 at 1. The Conduct Report states:

> On 12/22/2020 at approximately 1:20 AM I, Officer R. Swearingen 3 7 6 (W /M) was conducting a shake down in 19CD-2D with Sgt. Wilson when I found a toothbrush with the head removed and a razor blade tied to it with plastic in a cream box under the mat in the bottom bed location. Wilt, Jason #280799 19C-2D would not claim the item.

*Id*.

On December 31, 2020, Mr. Wilt was notified of the charges, pleaded not guilty, and requested a lay advocate. Dkt. 14-5. A hearing was held on January 19, 2021, and Mr. Wilt denied any wrongdoing, noting "[t]he weapon was found under my Bunkie mattress in his assigned area, not in my property." Dkt. 14-8. The DHO found Mr. Wilt guilty based on staff reports, Mr. Wilt's statements, witness statements, and video evidence. *Id*. Mr. Wilt received a loss of 190 days of earned credit time and a one-credit class demotion. *Id*.

Mr. Wilt filed both of his appeals, and both were denied. Dkts. 14-9 at 1-2 and 14-10. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, dkt. 1, for which Respondent provided a return, dkt. 14. Mr. Wilt requested and was granted extra time to submit a reply, dkts. 20 and 21, but he has not submitted one.

## III.  Analysis

Mr. Wilt asserts two grounds to challenge his prison disciplinary conviction: (1) that there was insufficient evidence to find him guilty of the charged offense; and (2) that the disciplinary officials failed to follow prison policies. Dkt. 1 at 3-5.

### A. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. In assessing whether there is some evidence – any evidence – the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.").

In this case, there is some evidence Mr. Wilt possessed a deadly weapon. Mr. Wilt was found guilty of possession of a deadly weapon after a correctional officer discovered a shank underneath the bunk beds. Dkt. 14-8. While Mr. Wilt insists the weapon was found under his bunk mate's bed, the DHO noted that neither inmate claimed ownership. *Id*. Therefore, the DHO deemed both inmates to be in possession. *Id*. Given the circumstances, the DHO was permitted to assign possession to both inmates since the weapon was discovered in their sleeping quarters. Dkts. 14-1, 14-2, and 14-8; *see Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) ("If . . . only two inmates had access to the vent, there is a 50% probability that each inmate is guilty; a 50% probability amounts to 'some evidence.'"). Accordingly, Mr. Wilt's sufficiency of the evidence challenge is **denied**.

### B. Prison Policies

Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin* v. Conner, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges

to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Mr. Wilt's claim based on the alleged violation of prison policies is therefore **denied**.

### IV.   Conclusion

Accordingly, the petition for a writ of habeas corpus is **DENIED**. This action is **DISMISSED**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/1/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JASON WILT, 280799
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Benjamin Huang
Office of Indiana Attorney General
benjamin.huang@atg.in.gov

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov